IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD.-1539-07






ROBERT HUFFMAN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S AND STATE'S PETITIONS


FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


BEXAR COUNTY





 Cochran, J., filed a concurring opinion, in which Price, Johnson and Holcomb,
JJ., joined.


O P I N I O N 



 I write separately only to point out that using the normal eighth-grade grammar test
to determine the gravamen of the offense would reach the same result in this "Failure to Stop
and Render Aid" case. The jury must be unanimous that the defendant failed to comply with
the requirements of the statute, but it need not be unanimous about precisely how he failed
to comply with those requirements. The court of appeals analyzed this case according to that
test, but it was not entirely accurate in its grammatical analysis. (1)

 The Failure to Stop and Render Aid statute defines a single criminal offense. It is set
out in Texas Transportation Code § 550.021 and reads as follows:

 (a) The operator of a vehicle involved in an accident resulting in injury to or death of
a person shall:

 
 (1) immediately stop the vehicle at the scene of the accident or as close to the
scene as possible;


 (2) immediately return to the scene of the accident if the vehicle is not stopped
at the scene of the accident; and


 (3) remain at the scene of the accident until the operator complies with the
requirements of section 550.023 [Section 550.023 requires the operator of the
vehicle to give his name and address, registration number of the vehicle, the
name of the operator's motor vehicle liability insurer and, if requested, to show
his driver's license; it also requires the operator to provide any person injured
in the accident reasonable assistance, including transporting or making
arrangements for transporting the person to a physician or hospital for medical
treatment if it is apparent that treatment is necessary, or if the injured person
requests the transportation];


 (b) An operator of a vehicle required to stop the vehicle by Subsection (a) shall do so
without obstructing traffic more than is necessary.


 (c) A person commits an offense if the person does not stop or does not comply with
the requirements of this section. (2)


 Here, the offense itself is set out at the end of the statute-in subsection (c)-not at the
beginning. It simply states that a person commits an offense if he does not stop or do all that
he is required to do under subsections (a) and (b). Using the eighth grade grammar test, the
main transitive verbs of the sentence (and therefore the actus reus of the crime) are "stop or
comply," modified by "does not." The double prepositional phrase "with the requirements
of this section" modifies the verb "comply" and describes what the defendant is supposed to
comply with. Thus, the full description of the criminal actus reus is "does not stop or does
not comply with the requirements of this section." The Legislature, having used a single verb
phrase within a single subsection of the statute, seemingly intended to create a single criminal
offense. Thus, any failure to either stop or comply with all of the requirements of
subsections (a) and (b) is the forbidden conduct, the actus reus. And the failure to stop is
also one of the requirements under subsection (a), so it is abundantly clear that the failure to
stop is not some separate and distinct offense from the failure to comply with the
requirements of subsections (a) and (b).

 Under subsection (a)(1), the person is required to "stop"at the scene of the accident
or as close as possible, under subsection (a)(2), he is required to "return" if he had not
stopped, and under subsection (a)(3), he is required to (1) remain at the scene of the accident
until he has, inter alia, given his name and address, car's registration number, and his 
insurance information to the injured person or someone else in charge of the injured person's
car, and (2) provide any person injured in the accident reasonable assistance. (3) And, under
subsection (b), the person must stop his own car without obstructing traffic more than
necessary. The failure to comply with any, some, or all of these requirements in the
immediate aftermath of a single, specific car accident constitutes the actus reus of the
offense. 

 The court of appeals mistakenly concluded that when the person-the operator of a
vehicle involved in an accident resulting in injury or death- "does not stop" at the accident
scene, this is a different criminal act than the failure to comply with the requirements of the
statute, which include the need to "immediately stop the vehicle at the scene of the accident
or as close to the scene as possible." (4) The court of appeals further reasoned that each one of
the specific requirements with which a person does not comply constitutes a separate and
distinct criminal offense. (5) Thus, the failure to stop would be one offense, the failure to return
would be a different offense, and the failure to remain at the scene of the accident to give
information and assist any injured persons would be a third criminal offense. 

 But these actions are not the main verbs of the offense; subsections (a)(1), (a)(2),
(a)(3), and (b) simply define the "requirements" with which the person must comply. They
are, in essence, the manner and means by which a person fails to comply with the
requirements of the section. 

 Thus, the jury must unanimously find that the defendant "did not stop or did not
comply with the requirements" set out for the operator of a vehicle involved in an accident
resulting in injury to or death of a person. The specific statutory requirements that the
evidence shows that the defendant failed to comply with should then be listed in the
disjunctive. They can be listed out as (1), (2), (3), and the jury informed that it need not be
unanimous on (1), (2), or (3), as long as it is unanimous in its decision that the defendant
failed to comply with some requirement. 

Filed: October 1, 2008

Publish
1. Huffman v. State, 234 S.W.3d 185, 193-94 (Tex. App.- San Antonio 2007).
2. Tex. Transp. Code § 550.21.
3. See Tex. Transp. Code § 550.023.
4. 234 S.W.3d at 193-94.
5. Id.